UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JEREMIAS HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, Former Secretary of Corrections at South Dakota D.O.C., individual capacity; NICK LAMB, Secretary of Corrections, official capacity; DR. AARON HAYNES, Correctional Health at South Dakota D.O.C., individual and official capacity; STEPHANIE HAMILTON, MDSP, individual and official capacity; and RACHEL TYCZ, Nurse Supervisor at MDSP; individual and official capacity,<br><br>Defendants. | 4:25-CV-04215-CCT<br><br>**ORDER GRANTING PLAINTIFF'S MOTIONS FOR ASSISTANCE WITH SERVICE AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

Plaintiff, Jeremias Hernandez, an inmate at Mike Durfee State Prison, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. This Court granted Hernadez leave to proceed in forma pauperis and screened his complaint, dismissing his claims in part and directing service in part pursuant to 28 U.S.C. § 1915A. Dockets 5, 10. Hernandez's Eighth Amendment deliberate indifference claim against Kellie Wasko, in her individual capacity; Nick Lamb, in his official capacity; and Dr. Aaron Haynes, Stephanie Hamilton, and Rachel Tycz, in their official capacities for injunctive relief and declaratory relief and individual capacities for monetary damages survived § 1915A screening. Docket 10 at 7. All the defendants except Wasko have answered

Hernandez's complaint. Docket 20. The summons for Wasko was returned unexecuted because Wasko is no longer employed by the South Dakota Department of Corrections (SDDOC). Docket 17 at 3. Hernandez has filed a motion for assistance in serving Wasko. Docket 22; *see also* Docket 14. He has also filed a renewed motion for appointment of counsel. Docket 12.

**I. Motion for Assistance in Serving Wasko (Dockets 14, 22)**

In his motion for assisted service, Hernandez requests that the Court order that the defendants and the SDDOC provide to the United States Marshals Service (USMS) Wasko's last known address to permit the USMS to serve a summons and copy of the complaint on Wasko. Docket 22. Hernandez notes that because he is a prisoner, he cannot obtain from prison officials the contact information for current and former prison employees. *Id.* at 2. Along with his motion, Hernandez submitted a summons and USM-285 form that have been completed with the exception of Wasko's last known address. Docket 22-2.

Courts in the District of South Dakota have entered orders to assist pro se inmates in perfecting service on defendants who remained after the Court's § 1915A screening when the plaintiff is able to demonstrate that he has diligently attempted to complete service but is unable to do so because of logistical hurdles and SDDOC policies that restrict an inmate's ability to gather personal information about SDDOC current and former employees. *See Hicks v. Renner*, 4:23-CV-04121-KES, Docket 16 (D.S.D. Feb. 8, 2024); *Christians v. Young*, 4:20-04083-LLP, 2023 WL 2687260, at *13 (D.S.D. Mar. 29, 2023);

*Hughbanks v. Fluke*, 2023 WL 1930334, at *1–2 (D.S.D. Feb. 10, 2023); *Cody v. Clark*, 4:22-CV-04010-KES, 2023 WL 112695, at *7 (D.S.D. Jan. 5, 2023) (citing *Hansen v. S.D. Dep't of Corr.*, 4:19-CV-04019-KES, Docket 44 at 4 (D.S.D. Dec. 27, 2019)).

Here, the United States Marshals Service (USMS) was unable to serve Kellie Wasko because she is no longer employed by the SDDOC. Docket 17 at 1, 3; Docket 22-1. The Court notes that Wasko, in her individual capacity, is a named defendant in a pending case in which defendants' counsel have appeared. *See Thomas v. Runge*, 4:25-CV-04153-CCT (D.S.D.). Thus, the Court presumes that defendants' counsel have a current address or other contact information for Wasko since they represent her in a pending case in which she has been served and appeared. Thus, the Court grants Hernandez's motions for assistance with service, Dockets 14 and 22, and orders defendants' counsel to provide to the USMS the last known address for Kellie Wasko by **November 16, 2026**. The USMS shall serve a completed summons (Docket 22-2), together with a copy of Hernandez's complaint (Docket 1), and the Court's § 1915A screening order (Docket 10) on Wasko at the last known address provided by defendants' counsel. Wasko's address must **not** appear in any publicly available filing or any filing or pleading provided to Hernandez.

## II. Motion for Appointment of Counsel (Docket 12)

When the Court screened Hernandez's complaint, the Court denied Hernandez's motion for appointment of counsel. Docket 10 at 30. Hernandez has now filed a second motion for appointment of counsel. Docket 12. The

arguments Hernandez raises in his second motion for appointment of counsel are similar to the arguments Hernandez raised in support of his initial appointment of counsel. *Compare* Docket 12 *with* Docket 7.

In his initial appointment of counsel, Hernandez states that he does not speak English and that other inmates are assisting Hernandez with translating and writing and rewriting documents. Docket 7 at 1. According to Hernandez's second motion for appointment of counsel, Hernandez does not "understand the English language very well and cannot read in English and has difficulty in communication in English language as he speaks Spanish fluently." Docket 12 at 1. Hernandez contends that he has "poor education" and that another inmate, who may not be available in the future, has been assisting him in this case to date. *Id.* at 5–6. Although Hernandez states that he cannot investigate prison officials' hiring, training, and supervisory practices and cannot review certain prison policies and procedures that are not accessible to inmates, *id.* at 6, at this stage of the proceedings, it is premature to determine whether any discovery regarding hiring, training, and supervisory practices or prison policies not accessible to inmates may be appropriate, and, if so, whether defendants will object or seek a protective order because of Hernandez's status as a prisoner. Similarly, it is not clear that as this case proceeds Hernandez will be unable to obtain assistance with translation from the inmate who is currently assisting him or from other inmates referenced in his initial motion for counsel. To date, Hernandez's filings demonstrate that he is adequately able to present his surviving Eighth Amendment claim for deliberate indifference to

a serious medical need, which is not a complex claim. Thus, at this stage of the proceedings, the Court believes that Hernandez is capable of pursing his claim without the assistance of counsel. Hernandez's second motion for appointment of counsel, Docket 12, is denied for the same reason as his first motion for appointment of counsel, *see* Docket 10 at 30.

## III. Conclusion

Thus, it is ORDERED:

1. That Hernandez's motions for assistance with service, Dockets 14 and 22, are granted.
2. That counsel who have appeared on behalf of the served defendants must provide the last known address for Kellie Wasko to the USMS by **November 16, 2025**.
3. That the USMS shall serve the completed summons (Docket 22-2), together with a copy of Hernandez's complaint (Docket 1), and the Court's § 1915A screening order (Docket 10) on Wasko at the last known address provided by defendants' counsel. Wasko's address must **not** appear in any publicly available filing or any filing or pleading provided to Hernandez.
4. That the USMS is directed to provide the Clerk of Court with a summons, return of service, and USM-285 form that **do not** include Wasko's address. Wasko's address must **not** appear in any publicly available filing or any filing or pleading provided to Hernandez.

5. That Wasko will serve and file an answer or responsive pleading to the complaint on or before 21 days following the date of service.

6. That Hernandez's renewed motion for appointment of counsel, Docket 12, is denied.

Dated November 4, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE